IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VAN TREESE, | No. C 06-5011MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| HUMBOLDT COUNTY JAIL MEDICAL STAFF, SHERIFF GARY PHILP, DR. BURLSON, M.D., | |
| Defendants. | |

On August 21, 2006, plaintiff, a California prisoner currently incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights while he was housed at the Humboldt County Jail in 2004. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that in 2004, an inmate with tuberculosis was placed in the same jail dormitory as plaintiff and that jail "medical staff" did not move said inmate out of the dormitory after learning of his medical condition.  Plaintiff further alleges he was thereby exposed to the tuberculosis bacterium and has had to take medication as a result.  Plaintiff has not alleged, however, how the two individual defendants named in the complaint, Sheriff Gary Philp and Dr. Burlson, M.D., were involved in the decisions to place and retain the infected inmate in plaintiff's dormitory, nor does he identify who among the jail "medical staff" might be responsible for these decisions.

To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Moreover, naming Sheriff Philp, on the apparent theory that he is responsible for the actions and omissions of his employees and subordinates, will not relieve plaintiff of his obligation to plead his claims with specificity.  It is well settled that there is no respondeat superior liability under § 1983.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding liability may not be based solely on fact defendant is generally responsible for actions or omissions of another).  Finally, naming "Humboldt County Jail Medical Staff" does not suffice because a defendant cannot be held liable based solely on his membership in a group; rather, a showing of his individual participation in unlawful conduct is required.  See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

Plaintiff will be given leave to amend the complaint to identify, if possible, the jail officials involved in his alleged exposure to tuberculosis, and to set forth specific facts showing each such defendant's actions proximately caused said exposure.

2

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies explained above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 06-5011 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will proceed only on the basis of the first, third and fourth claims in the complaint.**

2. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: January 5, 2007

_____
MAXINE M. CHESNEY
United States District Judge